DWIGHT F. RITTER, ESQ. (STATE BAR #127030)
KAREN ALBENCE, ESQ. (STATE BAR #241719)
RITTER & ASSOCIATES
2869 INDIA STREET
SAN DIEGO, CA 92103
(619) 296-0123

Attorney for Plaintiff
MARK WILSON

2254 1983
FILING FEE PAID
Yes ✓ No
IFP MOTION FILED
Yes No ✓
COPIES SENT TO
Court ✓ ProSe

FILED
2008 AUG -5 AM 10: 20
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY RM DEPUTY

UNITED STATES DISCTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK WILSON,<br><br>Plaintiff,<br><br>v.<br><br>Mike Poulos, as an individual, and as the Warden from California Institution for Men; Lori Di Carlo, as an individual, and as the Warden from California Institution for Men; Matthew Cate, as an individual and as the Secretary from the California Department of Corrections and Rehabilitation; James Tilton, as an individual and as the Secretary from the California Department of Corrections and Rehabilitation; Roderick Hickman, as an individual and as the Secretary from the California Department of Corrections and Rehabilitation, and DOES 1-50,<br><br>Defendants. | Case No. '08 CV 1412 JLS JMA<br><br>**COMPLAINT FOR PERSONAL INJURIES** |



CR

Comes now plaintiff, MARK WILSON, and for his causes of action against defendants, and each of them, complains and alleges as follows:

**GENERAL ALLEGATIONS**

1. All of the facts and circumstances alleged within this complaint occurred within the State of California or under circumstances such that the above-captioned District Court has jurisdiction.

2. Plaintiff, MARK WILSON, at all times mentioned herein was a resident of the State of California, and within the jurisdiction of this court.

3. The true names and capacities, whether individual, corporate, associate or otherwise of defendants, DOES 1-50, inclusive, are unknown to plaintiff, who therefore sues said defendants by such fictitious names.

4. Plaintiff is informed and believes and alleges that each of the defendants designated as a DOE is responsible in some manner for the alleged events and happenings that caused injuries and damages to the plaintiff, and each of them.

5. Plaintiff is informed and believes and alleges that at all times herein mentioned each of the defendants was the agent and employee of each of the remaining defendants and was at all mentioned times acting within the scope of such agency and employment.

6. Plaintiff is informed and believes and alleges that each fictitiously named defendant and each defendant sued or served as a business entity or public entity was at all noted times herein duly organized and licensed under one of the laws of the States

of the United States and the State of California and doing business in the State of California as required for jurisdiction of this Court.

7. At all mentioned times, defendants MIKE POULOS, LORI DI CARLO, MATTHEW CATE, JAMES TILTON, and RODERICK HICKMAN were and still are residents of the State of California.

8. Defendant entities and DOES 1-50, and each of them, was created and are existing by virtue of the laws of the State of California and have their principal place of business in the State of California. Said defendants are doing business in the State of California and are therefore subject to the jurisdiction of this court pursuant to California law and may be served pursuant to law.

9. Plaintiff is informed and believe and allege that at all mentioned times the events where the incidents occurred was under the supervision, direction, control, of all named defendants, and each of them, and that each defendant was operating within the course and scope of their employment within the State of California.

10. On or about June 14, 1991, plaintiff MARK WILSON was convicted and sentenced to two years in state prison for a crime of Penal Code Section 288 a(b)(1). Subsequently, after serving his prison time, plaintiff MARK WILSON, on a number of occasions from August of 1997 to 2006, was arrested and sentenced to the California Institution for Men for violating Penal Code Section 290, the failure to register as a sex offender. On August 8, 2006, plaintiff MARK WILSON was released from custody pursuant to

a court order which determined that conviction and imprisonment under Penal Code 290 was in violation of the equal protection clause under the constitutional laws. This court decision stated because such arrests were a denial of equal protection, the charges was unlawful and void from the beginning. On April 26, 2007, the Orange County Superior Court vacated the Penal Code Section 290 prior convictions as null and void. However, as a result of the actions of the defendants, plaintiff MARK WILSON had already been wrongfully imprisoned for approximately 52 months and 20 days at California Institution for Men.

**FIRST CAUSE OF ACTION**

**(Violation of Civil Rights)**

11. Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 10, above.

12. This cause of action arises under the United States Constitution, particularly under the provisions of the Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States, under federal law, particularly Title 42 of the United States Code, Section 1983.

13. During all times mentioned in this complaint, defendants MIKE POULOUS, LORI DI CARLO, MATTHEW CATE, JAMES TILTON, RODERICK HICKMAN, and DOES 1 through 50 was, or currently is still, either the Warden from California Institution for Men or the Secretary from the California Department of Corrections and acting in their individual and official capacities, having influence, power, and responsibility for the California Institution for Men or the California

Department of Corrections. The true names of defendants DOES 1 through 50 are presently unknown to plaintiff. Plaintiff seeks leave of court to substitute names of other defendants for DOE defendants when that knowledge becomes available to plaintiff.

14. During all times mentioned in this complaint, the defendants and DOES 1-50, inclusive, were acting under color of law, namely the color of the State of California Constitution, statutes, laws, rules, regulations, customs and uses.

15. During all times mentioned in this complaint, the defendants and DOES 1-50, inclusive, and each of them, separately and in concert engaged in acts and omissions which constituted deprivation of the federal Constitutional rights, privileges and immunities of the plaintiff, and while these acts were carried out under color of law, they had no justification or excuse in law.

16. Defendants and DOES 1-50, inclusive, and each of them, at all times relevant to this action were empowered with the obligation and the duty to not violate the law and the federal rights of the plaintiff. Said defendants, and each of them, with deliberate indifference, failed to perform that duty, and thereby became a party to injury inflicted upon plaintiff.

17. Acting under color of law, the defendants, and each of them, acted by (1) improperly and unreasonably falsely imprisoning a citizen who was acting in accordance with his constitutional and statutory rights, privileges and immunities;

(2) conspiring to violate the rights, privileges and immunities guaranteed to plaintiffs by the Constitution of laws of the

United States; and (3) otherwise depriving plaintiff MARK WILSON of his Constitutional rights. As a proximate result of this knowing and deliberately indifferent conduct, plaintiff's Constitutional rights were violated.

18. In the manner described above, each of the defendants, jointly and severally, in their official capacity and individually, violated the rights of plaintiff MARK WILSON secured by the Constitution of the United States to every citizen to:

(a) Be secure in his person and effects against unreasonable seizure under the Fourth and Fourteenth Amendments to the United States Constitution;

(b) Not to be deprived of life, liberty or property without due process of the law, and to not be denied the equal protection of the law, secured by the Fifth and Fourteenth Amendments to the United States Constitution; and

(c) Be free from cruel and unusual punishment secured by the Eighth and Fourteenth Amendments to the Constitution of the United States.

19. The acts, conduct and behavior of the defendants and DOES 1-50, inclusive, were performed knowingly, willfully, intentionally, oppressively and maliciously with conscious disregard of the rights and safety of plaintiff MARK WILSON by reason of which plaintiff is entitled to an award of punitive damages against defendants.

**SECOND CAUSE OF ACTION**

**(False Imprisonment & False Arrest)**

20. Plaintiff hereby incorporates by reference the allegations contained in Paragraphs 1 through 19 of the First Cause of Action as if fully plead here.

21. The true names and capacities, whether individual, corporate, public, associate or otherwise of defendants, Does 1 through 50, inclusive, are unknown to plaintiff, and each of them, who therefore sue said defendants by such fictitious names. Plaintiff is informed and believes and alleges that each of the defendants herein designated as a DOE is responsible in some manner for the alleged events and happenings that caused injuries and damages to the plaintiffs, and each of them.

22. Both the Supreme Court and the Superior Court of Orange County vacated as null and void Penal Code Section 290 and vacated null and void plaintiff MARK WILSON'S prior convictions. Since the offenses were a denial of equal protection, the charges were unlawful and void from the beginning. Thus, no probable cause existed for the prior arrests and imprisonment of plaintiff MARK WILSON. As a result of the said wrongful conduct of the defendants, and each of them, plaintiff MARK WILSON was still wrongfully detained and wrongfully imprisoned for approximately 52 months and 20 days.

23. As a further result of the wrongful conduct of the defendants, and each of them, plaintiff was prevented from continuing employment in the same capacity from being wrongfully arrested, wrongfully detained, and wrongfully imprisoned, which

thus resulted in lost earnings and decreased work performance in an economic amount which plaintiff will present according to

proof at trial.

**THIRD CAUSE OF ACTION**

**(Negligence)**

24. Plaintiff incorporates by reference each and every allegation contained in paragraphs 1 through 23 as though fully set forth herein.

25. Plaintiff believes and asserts that defendants, including DOES 1-50, had a duty to act in a reasonable manner and not wrongfully arrest and wrongfully imprison persons, including MARK WILSON, without probably cause on null and void laws which are deemed as non-existent and in violation of plaintiff MARK WILSON'S constitutional rights.

26. As a result of the said wrongful conduct of the defendants, and each of them, plaintiff MARK WILSON was still wrongfully detained and wrongfully imprisoned for approximately 52 months and 20 days.

27. As a further result of the wrongful conduct of the defendants, and each of them, plaintiff was prevented from continuing employment in the same capacity from being wrongfully arrested, wrongfully detained, and wrongfully imprisoned, which thus resulted in lost earnings and decreased work performance in an economic amount which plaintiff will present according to proof at trial.

**PRAYER FOR DAMAGES**

(Applicable to each cause of action for damages)

Plaintiff prays for judgment against defendants, and each of them, individually, and jointly and severally, as follows:

1. For general damages according to proof at time of trial;

2. For special damages, according to proof at time of trial;

3. For attorneys fees in an amount to be determined subsequent to trial (42 U.S.C. section 1988);

4. As against only the individual defendants, for punitive damages in an amount which this Court shall consider to be just and proper;

5. For costs of suit and for such other relief that the Court deems just and proper.

DATED: 8/4/08

RITTER & ASSOCIATES

By: [signature]
DWIGHT F. RITTER, ESQ.
KAREN ALBENCE, ESQ.
Attorneys for Plaintiff
MARK WILSON

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

Mark Wilson

(b) County of Residence of First Listed Plaintiff Orange County
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
Ritter & Associates 2869 India Street San Diego, CA 92103

**DEFENDANTS**

"See Attachment"

FILED
2008 AUG -5 AM 10: 22
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

County of Residence of First Listed Defendant San Bernardino
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known) BY RM DEPUTY

'08 CV 1412 JLS JMA

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☒ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence

Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):
42 U.S. C. Section 1983

Brief description of cause:
Violation of civil rights including false arrest and false imprisonment

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 — **DEMAND $** 316,000.00 — CHECK YES only if demanded in complaint: **JURY DEMAND:** ☑ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE ______ DOCKET NUMBER ______

DATE 08/04/2008 — SIGNATURE OF ATTORNEY OF RECORD [signature]

**FOR OFFICE USE ONLY**

RECEIPT # 153667 AMOUNT $350 APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

JAC 8/5/08

"Attachment"

Mike Poulos, as an individual, and as the Warden from California Institution for Men; Lori Di Carlo, as an individual, and as the Warden from California Institution for Men; Matthew Cate, as an individual and as the Secretary from the California Department of Corrections and Rehabilitation; James Tilton, as an individual and as the Secretary from the California Department of Corrections and Rehabilitation; Roderick Hickman, as an individual and as the Secretary from the California Department of Corrections and Rehabilitation, and DOES 1-50

**UNITED STATES**
**DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 153667 - TC**

**August 05, 2008**
**10:20:51**

**Civ Fil Prisoner**
USAO #.: 08CV1412
Judge..: JANIS L. SAMMARTINO
Amount.: $350.00 CK
Check#.: PC777

**Total-> $350.00**

FROM: MARK WILSON
VS.
MIKE POULOS (WARDEN)