# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK WILSON,<br><br>　　　　　　　　　　　　Plaintiffs,<br>　　vs.<br><br>MIKE POULOS, LORI DI CARLO,<br>MATTHEW CATE, JAMES TILTON,<br>RODERICK HICKMAN, et al.,<br><br>　　　　　　　　　　　　Defendants. | CASE NO. 08-CV-1412 JLS (JMA)<br><br>**ORDER: DENYING MOTION TO EXTEND TIME TO APPEAL OR, IN THE ALTERNATIVE, TO REOPEN TIME TO APPEAL**<br><br>(Doc. No. 32) |

Presently before the Court is Plaintiff Mark Wilson's motion pursuant to Federal Rule of Appellate Procedure 4(a) to extend the time to file an appeal or, in the alternative, to reopen the time to appeal. (Doc. No. 32.) Also before the Court is Defendant's opposition. (Doc. No. 34.) Plaintiff did not timely file a reply. Having considered this motion, the Court finds that it must be **DENIED**.

On August 5, 2008, Plaintiff filed this case for violations of his civil rights based on his incarceration under a state statute later allegedly held to be unconstitutional. (Doc. No. 1.) On March 2, 2010, this Court dismissed Plaintiff's federal law claims with prejudice on immunity grounds and his state law claims without prejudice for lack of jurisdiction. (Doc. No. 21.) On April 28, 2010, Plaintiff filed a notice of appeal to the Ninth Circuit. (Doc. No. 26.) And on May 19, 2010, the Ninth Circuit found that it lacked jurisdiction over the appeal because Plaintiff failed to appeal within thirty days of the judgment. (Doc. No. 29.)

1    According to Plaintiff, he did not receive word of this Court's Order dismissing his case until
2  April 19, 2010, when his attorney, Dwight Ritter, called him with the news. (Wilson Decl. ¶ 3.)
3  According to Plaintiff, Mr. Ritter informed Plaintiff that the appeal period was sixty days. (*Id.* ¶ 4.)
4  Plaintiff then promptly filed his notice of appeal. (*Id.* ¶ 5.)

5    Plaintiff now asks for the Court to enter an Order allowing him to appeal under Federal Rule
6  of Appellate Procedure 4. First he argues that the Court should act under Rule 4(a)(5)(A), which
7  provides: "The district court may extend the time to file a notice of appeal if: (i) a party so moves no
8  later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) regardless of whether
9  its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that
10 party shows excusable neglect or good cause." Plaintiff states that he "has shown **both** [excusable
11 neglect and good cause] due to his counsel's failure to timely inform him of his appeal rights."
12 (Memo. ISO Motion at 4 (emphasis in original).)

13   The Court cannot grant a continuance under Rule 4(a)(5)(A). That rule has two sub-parts
14 connected by the word "and." In other words, an extension of time is allowed *only* if both of the two
15 conditions are met. In this case, Plaintiff fails on the first. He filed the present motion on June 14,
16 2010, one hundred and four days after the Court issued its Order and seventy four days after the time
17 for appeal proscribed under Rule 4(a)(1)(A) expired. As such, the Court cannot grant an extension
18 under this rule.

19   Second, Plaintiff requests a continuance under Rule 4(a)(6). (Memo. ISO Motion at 5.) That
20 rule states: "The district court may reopen the time to file an appeal for a period of 14 days after the
21 date when its order to reopen is entered, but only if all the following conditions are satisfied: (A) the
22 court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d)
23 of the entry of the judgment or order sought to be appealed within 21 days after entry; (B) the motion
24 is filed within 180 days after the judgment or order is entered or within 14 days after the moving party
25 receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and (C)
26 the court finds that no party would be prejudiced." Plaintiff believes that he has "clearly" met this
27 burden. (Memo. ISO Motion at 5.) Plaintiff "did not receive notice timely by way of counsel" and
28 "[i]t is within 180 days of the order." (*Id.*) "Further, no party will be prejudiced if this court institutes

1  a 14 day new appeal time frame." (*Id.*)

2      The Court finds that it would be procedurally improper to reopen the time to appeal. First, the
3  Court finds that Plaintiff received notice under Federal Rule of Civil Procedure 77(d). Although it
4  does not doubt that Plaintiff did not personally receive notice until he spoke with his lawyer on April
5  19, 2010, that does not established that he did not receive notice.

6      Notice under Rule 77(d) must be executed "as provided in [Federal Rule of Civil Procedure]
7  5(b)." And Rule 5(b) requires that "[i]f a party is represented by an attorney, service under this rule
8  <u>*must*</u> be made on the attorney unless the court orders service on the party." Fed. R. Civ. P. 5(b)(1)
9  (emphasis added). The rule offers numerous means of service including "sending it by electronic
10 means if the person consented in writing." Fed. R. Civ. P. 5(b)(2)(E).

11     In this case, the evidence shows that Plaintiff properly received notice. All evidence indicates
12 that Mr. Ritter was still acting as Plaintiff's counsel at the time of the judgment. Therefore, notice of
13 the judgment had to be sent to counsel. Further, as detailed in the Southern District of California's
14 Electronic Case Filing Administrative Policies and Procedures Manual, "[r]egistration [on the
15 electronic case filing system] constitutes consent to electronic service of documents by e-mail, as
16 provided by the Federal Rules of Civil Procedure." Thus, by registering to use the Court's system,
17 Plaintiff's counsel consented to electronic service. And the records in the Court's electronic case
18 filing system show that notice of the judgment was electronically mailed to Plaintiff's counsel. There
19 is also no evidence that counsel did not receive the e-mail. Given these facts, the Court must find that
20 Plaintiff received notice under Rule 77(d).

21     Regardless, relief would still be improper even ignoring the notice issue. Federal Rule of
22 Appellate Procedure 4(a)(6)(B) states that a motion to reopen the time to appeal must be "filed within
23 180 days after the judgment or order is entered or within 14 days after the moving party receives
24 notice under Federal Rule of Civil Procedure 77(d) of the entry, *whichever is earlier*." Fed. R. App.
25 P. 4(a)(6)(B) (emphasis added). Plaintiff argues that since he was within 180 days of the judgment,
26 the Court should reopen the time to appeal. However, the relevant provision here, because it is the
27 earlier date, is "within 14 days after the moving party receives notice." Were the Court to find that
28 Plaintiff, as he suggests, received notice on April 19, 2010, this motion would have been due by May

3, 2010. He obviously did not, and therefore this Court has no ability to reopen the time to file an appeal.

     Thus, for the reasons stated, Plaintiff's motion to extend the time to file an appeal or, in the alternative, to reopen the time to appeal is **DENIED**.

     IT IS SO ORDERED.

DATED: August 3, 2010

                                                 *Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge